SALCINES, Judge.
Charlotte County filed a petition for writ of certiorari seeking review of an order of the circuit court setting attorney’s fees for special public defender Kevin C. Shirley, who prepared and represented an indigent defendant in a capital murder case. Although the case was ultimately presented to the jury as a second-degree murder case, that change occurred only four days prior to the trial. The County does not challenge that Shirley’s preparation for the case was that expected in a capital case or that Shirley expended a reasonable number of hours in preparation. The County argues that the trial court departed from the essential requirements of law in awarding Shirley compensation at an hourly rate of $100, exceeding the maximum hourly rate of $50 set forth in an administrative order of the Twentieth Judicial Circuit. We are compelled to agree with the County. We accordingly grant the petition for writ of certiorari, quash the order under review, and certify a question to the Florida Supreme Court.
At the hearing on attorney’s fees, the uncontradicted evidence indicated that the customary fee in this type of case was $50,000 to $125,000 as a flat fee, or $150 to $250 per hour at an hourly rate. The trial judge ordered a payable rate of $100 per hour for a total fee of $29,600. This is in comparison to the $14,800 the County was urging.
The County’s reading of Administrative Order 3.5 of the Twentieth Judicial Circuit was confirmed in Stevens v. Lee County, 695 So.2d 934 (Fla. 2d DCA 1997). In Stevens, this court denied a petition for writ of certiorari which sought review of an order that found the attorney’s request for fees was limited by the hourly rate of $50 set by the circuit, even though the total amount of compensation could exceed the statutory cap. In Judge Altenbernd’s concurring opinion in Stevens, he explained that the rate of compensation contained in the ádministrative order had not been adjusted since it was established in 1988. Attached to that opinion was an appendix which illustrated the disparity between the circuit courts throughout the State in rates of pay for special public defenders. Many of those rates have remained unchanged since 1991 without an adjustable provision for the annual cost of living variables or consideration of the annual consumer price index. Here, on the eve of the new millennium, this court finds itself in the unenviable position of being required to quash an order that purports to right that wrong.
The administrative order of the Twentieth Judicial Circuit appears to have been crafted at the low end of the reasonable rate of compensation per hour for counsel’s time for conditions as they existed a decade ago. However, things have *708 changed considerably since then. The cost of daily life is higher today than ten years ago. Today, defendants face much stiffer penalties due to the harsher sentences that are mandated for certain crimes and for repeat offenders. Counsel must take these penalties into consideration in a determination of how much time to allot to each matter in his or her ease load. Moreover, in capital cases, there are two trials: the guilt phase and the penalty phase.[1] Therefore, there are many changes in circumstances that the current administrative order fails to address. In addition, overhead and expenses of counsel’s offices have increased over what they were a decade ago. The defendants have a constitutional right to effective assistance of counsel, and this court has an obligation to those dedicated attorneys to champion the idea that they should not need to provide this assistance at a detriment to themselves.
To bring a capital trial to a timely conclusion, the court must have qualified judges and attorneys. To this end, the Florida Supreme Court has set about the Herculean task of establishing the necessary certification required for an attorney to qualify for appointment in such a case. See In re Amendment to the Florida Rules of Criminal Procedure, 24 Fla. L. Weekly S513, — So.2d —, 1999 WL 983852 (Fla. Oct. 28, 1999). The cost of ignoring this attorney’s fees problem will ultimately be multiplied by the delays involved due to the difficulty of finding conflict counsel willing to be appointed by the court to serve this vital constitutional function with inadequate compensation. This court is aware that it has no authority to quash a local administrative order. See 2.050(b), Florida Rules of Judicial Administration. However, we believe the supreme court has such authority.
This court is also aware that in this decade the reasonable rate pursuant to statute and contracts in family law, eminent domain, and other civil areas has rarely, if ever, fallen below $100 per hour. We should either substantially reduce the hourly rate in civil cases where money and property are the only issues or raise the rate in capital cases where a person’s life is on the line.
In light of the constitutional revisions implemented in October 1998, the cost of conflict counsel will be shifted to the State no later than January 2004 and, thus, the supreme court or some other state agency will soon be setting these fees.[2] Nonetheless, these future changes do not relieve this court of its assigned task of decrying the current appalling situation because there will still be several years of these ongoing problems. We further certify the following question to the Florida Supreme Court as one of great public importance:
WHETHER A LOCAL ADMINISTRATIVE ORDER SHOULD LIMIT THE ATTORNEY’S FEES PAYABLE TO THE DEFENDANT’S LAWYER IN A CAPITAL CASE TO AN HOURLY RATE SUBSTANTIALLY BELOW THE HOURLY RATE AWARDED BY THE COURT IN OTHER FORMS OF LITIGATION?
Cf. Sheppard & White v. City of Jacksonville, 24 Fla. L. Weekly D2623, D2625 (Fla. 1st DCA Nov. 22,1999).
We grant the petition, and quash the order, so that the County may receive relief from the trial court’s order on attorney’s fees.
Petition granted, order of the circuit court quashed, and question certified.
*709 ALTENBERND, J., Concurs.
PARKER, A.C.J., Concurs in result only.

. Per the appendix in Stevens v. Lee County, 695 So.2d 934 (Fla.App.1997), the 1997 Shaeffer Survey indicates the administrative orders in the Thirteenth and Fifteenth Judicial Circuits are the only ones to address the bifurcated nature of a trial for a capital offense.

. Article V, section 14, of the Florida Constitution.